IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| BUFFY DRAKE, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 3:13-CR-0014-TCB-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 3:16-CV-0055-TCB-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Buffy Drake's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 43], and the government's response, [Doc. 46]. For the reasons that follow, it is **RECOMMENDED** that Drake's § 2255 motion be dismissed as time barred.

### I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a fifteen-count indictment against Drake, charging her in Counts One through Six with wire fraud, in violation of 18 U.S.C. § 1343; in Counts Seven through Twelve with aggravated identity theft, in violation of 18 U.S.C. § 1028A; and in Counts Thirteen through Fifteen with theft of government funds, in violation of 18 U.S.C. § 641.  [Doc. 1].

Represented by Richard Holcomb of the Federal Public Defender Program, Inc., Drake entered a negotiated guilty plea to Count One. [Docs. 8, 22]. On June 30, 2014, the Court sentenced Drake to forty-five months of imprisonment. [Doc. 29]. Drake did not file a direct appeal.

Drake filed this pro se § 2255 motion on March 30, 2016.[1] [Doc. 43 at 6]. As grounds for relief, Drake asserts that she received ineffective assistance of counsel when counsel (1) failed to move to dismiss the indictment due to insufficient evidence, (2) failed to "conduct a thorough and creative investigation," (3) provided her incomplete and erroneous advice regarding her potential sentence should she go to trial rather than plead guilty, (4) "failed to fully explain the plea agreement" and discuss the guideline range, and (5) failed to raise certain objections at sentencing. [Id. at 2-6]. The government responds that Drake's motion is time barred and that her claims are barred by her valid appeal waiver and lack merit. [Doc. 46].

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

2

## II.  DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

Drake's conviction became final, for purposes of § 2255(f)(1), on July 14, 2014, when the time for filing a direct appeal expired.  See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); see also Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (For § 2255 statute of limitations purposes, "a judgment of conviction becomes final when the time

3

for filing a direct appeal expires.") (citation omitted).  Because Drake did not file her § 2255 motion until March 30, 2016, approximately one year and eight months after her conviction became final, it is not timely under § 2255(f)(1).

Drake does not contend that she is actually innocent.  See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)).  Instead, Drake argues that her late filing should be excused because counsel did not send her the sentencing transcript until December 2015, and promised to "assist her with the new loss table that became in effect in November 2015," but advised her "in February 2016 that he was no longer representing her."  [Doc. 43-1].

"The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) (citation omitted).  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  Holland v.

4

Florida, 560 U.S. 631, 653 (2010) (internal quotations and citations omitted). "As for the 'extraordinary circumstance' prong, . . . a defendant [must] show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Id. at 1268 (citation omitted).

Drake's "delay in receiving the [sentencing] transcript[] from [her] . . . attorney . . . does not constitute [an] extraordinary circumstance[] warranting equitable tolling, as access to transcripts is not necessary to file a habeas petition or a § 2255 motion." Quinn v. United States, Nos. 1:09-CR-0080-TCB-JSA-2, 1:12-CV-719-TCB-JSA, 2012 WL 4514133, at *4 (Sept. 12, 2012) (citations omitted), report and recommendation adopted, 2012 WL 4511332, at *1 (N.D. Ga. Oct. 2, 2012). Moreover, Drake has not explained why she needed the "new loss table," which she maintains became effective in November 2015, approximately four months after the limitations period expired, or further assistance from counsel in order to timely file this § 2255 motion. She also fails to allege any facts showing that she acted with reasonable diligence in attempting to obtain the transcript and information she

5

maintains she needed in order to file this motion. Therefore, Drake has not met her burden to show that she is entitled to equitable tolling. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1070 (11th Cir. 2011) (Petitioner was not entitled to an evidentiary hearing on equitable tolling where "the facts he alleged, when taken as true, did not show extraordinary circumstances preventing the timely filing of his habeas petition and did not show that he had acted with reasonable diligence in attempting to get it filed."); Penton v. Crews, No. 3:12cv176/RV/CJK, 2013 WL 2389831, at *6 (N.D. Fla. May 30, 2013) ("The facts petitioner alleges, when taken as true, do not show that petitioner acted with reasonable diligence in pursing his rights and do not show that extraordinary circumstances prevented the timely filing of his habeas petition."), report and recommendation adopted at, *1.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28

states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Drake's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that she be denied a COA.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [43], be **DISMISSED** as time barred and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 11th day of JULY, 2016.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)