IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BUFFY DRAKE, ) | |
| ) | CIVIL ACTION FILE |
| Movant, ) | 3:16-cv-55-TCB |
| ) | |
| v. ) | CRIMINAL CASE NO. |
| ) | 3:13-cr-14-TCB |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court on Movant Buffy Drake's objections [49] to Magistrate Judge Russell G. Vineyard's Report and Recommendation (the "R&R") [47], which recommends that Drake's 28 U.S.C. § 2255 motion to vacate sentence be dismissed as time barred.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however,

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th

depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

Cir.2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&R and Drake's objections thereto. Having done so, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that Drake's objections have no merit. Drake's § 2255 motion is untimely and should be dismissed.

Drake pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. [22]. The Court entered judgment, sentencing Drake to forty-five months of imprisonment on June 30, 2014. [29]. Fourteen days later, on July 14, the time for filing a notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i), (6) (notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket). On that date, Drake's conviction became final. 28 U.S.C. § 2255(f)(1); *see Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (§ 2255 convictions become final when the time for filing a direct appeal expires). Accordingly, the one-year statute of limitations period for filing a § 2255 motion began running July 14, 2014. Drake filed this § 2255 motion on March 30, 2016, approximately eight months after the clock expired.

In her objections, Drake asserts that her § 2255 motion is timely because she filed it less than one year after she discovered new information in May 2015, through research in the prison law library. [49 at 1, 3]. However, Drake's legal research did not trigger the

limitations period under § 2255(f)(4). Section 2255(f)(4) provides that the period begins "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Moreover, "Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered," not on "the discovery of a new court legal opinion." *Madaio v. United States*, 397 F. App'x 568, 569–70 (11th Cir. 2010) (quoting § 2255(f)(1)).

Drake also reiterates the argument she presented to Magistrate Judge Vineyard that the limitations period should be tolled because "she did not receive her transcripts from counsel until December 2015," her counsel misled her since January 2015 regarding the new loss table that went into effect on November 2015, and then counsel informed her in February 2016 that he was no longer representing her. [49 at 3].

"The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (quoting

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010). "As for the 'extraordinary circumstance' prong, . . . a defendant [must] show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Id.* at 1268.

Drake's "delay in receiving the transcripts from [her] . . . attorney . . . does not constitute [an] extraordinary circumstance[] warranting equitable tolling, as access to transcripts is not necessary to file a habeas petition or a § 2255 motion." *Quinn v. United States*, Nos. 1:09-cr-0080-TCB-JSA-2, 1:12-cv-719-TCB-JSA, 2012 WL 4514133, at *4 (Sept. 12, 2012) (citations omitted), *report and recommendation adopted*, 2012 WL 4511332, at *1 (N.D. Ga. Oct. 2, 2012). Additionally, Drake has not explained why she needed the "new loss table," which she

6

AO 72A
(Rev.8/82)

maintains became effective in November 2015, approximately four months after the limitations period expired, or further assistance from counsel in order to timely file her § 2255 motion. The Court agrees with Magistrate Judge Vineyard's conclusion that Drake has not met her burden to show that she is entitled to equitable tolling.

Accordingly, the Court ADOPTS AS ITS ORDER the R&R [47], DISMISSES this action as time-barred, and DECLINES to issue a certificate of appealability. The Clerk is DIRECTED to close the case.

IT IS SO ORDERED this 8th day of August, 2016.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

7